Filed 8/26/24  In re J.F. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re J.F., a Person Coming Under the Juvenile Court Law. | D082913 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J243407) |
| v. | |
| J.F., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Rohanee Zapanta, Judge.  Affirmed.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


J.F. appeals from the juvenile court's judgment entered after jurisdictional and dispositional orders sustaining allegations of robbery and receiving stolen property, declaring J.F. a ward of the court, and committing

him to juvenile detention for a period not to exceed 250 days.  His court-appointed counsel filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We informed J.F. of his right to file a supplemental brief, but he did not respond.  Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2023, the victim of the robbery, G.V., was outside a T-Mobile store with another friend, when a group of six other minors approached him and eventually stole his skateboard and a speaker.  J.F. was identified as one of the perpetrators.  G.V. testified that he and the friend were hanging out, when the six other minors, some of whom G.V. recognized from school, approached them.  G.V. said the six kids were initially friendly, but that when G.V.'s friend left, they became aggressive and went through G.V.'s pockets.  They eventually took G.V.'s skateboard and a speaker that they found in a bag he was carrying.  Security cameras from a nearby Starbucks captured the incident on video and G.V. was interviewed by police investigators shortly after.  During the interview, G.V. told police that J.F. put his hands in G.V.'s pockets to look for valuable items.  J.F. was charged with robbery for his role in the incident.

Several months after the robbery, J.F.'s mother called 9-1-1 to report that J.F. had stolen her car.  She told police that she had given J.F. her car keys so he could get something out of her car.  She then fell asleep, and when she woke up, J.F. and the car were missing, so she called the police.  J.F. eventually returned home, and his mother found him passed out in the car with alcohol containers inside.

J.F. was taken into custody shortly after this incident and the district attorney filed a wardship petition pursuant to Welfare and Institutions Code section 602, alleging one count of robbery related to the earlier incident (Pen. Code, § 211) and one count of receiving stolen property related to taking his mother's car (*Id.*, § 496d.)

At the detention hearing, the court arraigned J.F. and he denied both charges. At the jurisdictional hearing, the juvenile court heard testimony from G.V., J.F.'s mother, a school official who helped identify J.F. as one of the six who perpetrated the robbery, and the investigating police officer. During his direct examination, G.V. initially stated he could not recall anything about the robbery. The prosecutor then impeached G.V. with the video showing the incident and G.V.'s interview with the investigating officer, during which he identified J.F. as the person who went into his pockets.

Based on the evidence presented at the jurisdictional hearing, the juvenile court found the allegations in the petition true as to both counts and continued the proceedings for a dispositional hearing. At the hearing, the probation department recommended J.F. be committed to Urban Camp for no more than 250 days. The People requested that J.F. be committed to the HOPE program for a minimum of 365 days. At the conclusion of the hearing, the court declared J.F. a ward of the court and adopted the recommendation of the probation department to commit J.F. to Urban Camp for a period not to exceed 250 days. J.F. timely appealed.

## DISCUSSION

J.F.'s appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. Counsel included a statement of the case and facts but argued no grounds for reversal of the judgment. J.F.'s appellate counsel asked this court to independently review the record for

3

error.  Pursuant to *Anders*, counsel identified several issues to assist the court:  (1) Whether trial counsel was ineffective for failing to renew an objection to the testimony of a witness the prosecution did not name until the day the jurisdictional hearing was set to begin; (2) whether G.V.'s statements to police were improperly admitted as impeachment evidence; (3) whether sufficient evidence supported the true finding that J.F. received stolen property; (4) whether sufficient evidence supported the true finding that J.F. committed robbery; and (5) whether the juvenile court abused its discretion adjudging J.F. a ward of the court and committing him to Urban Camp 250.

We reviewed the entire record as required by *Wende* and *Anders*.  We have found no arguable issues for reversal on appeal.  Competent counsel represented J.F. both at trial and on appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


KELETY, J.